UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARKEYLA TRACIE WASHINGTON,

                        Plaintiff,

   -v-                                          1:13-CV-1589

NORTHEAST PARENT AND CHILD SOCIETY;
AMANDA CAPOZZI; and MOLLY DAVIS,[1]

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

ARKEYLA TRACIE WASHINGTON
Plaintiff pro se
8K Mill Creek Drive
East Greenbush, NY 12061

HISCOCK & BARCLAY LLP                   ANNE B. DOTZLER, ESQ.
Attorneys for Defendants
One Park Place
300 South State Street
Syracuse, NY 13202

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

     Plaintiff Arkeyla Tracie Washington ("plaintiff" or "Washington") initiated this civil

action on December 27, 2013 against defendants Northeast Parent and Child Society,

---

     [1] Molly Daniels is incorrectly named in the caption of the complaint as Molly Davis. She is referred to in the body of the complaint and plaintiff's Right-to-Sue letter as Molly Daniels, and defendants contend that her correct last name is Daniels. The Clerk is directed to revise the docket to reflect the defendant's correct last name as Daniels.

Amanda Capozzi ("Capozzi"), and Molly Daniels ("Daniels") (collectively "defendants"). Plaintiff brings the following claims: (1) a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) slander under New York state law; and (3) retaliation in violation of Title VII.

On July 3, 2014, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite being afforded the opportunity to do so, plaintiff has not opposed the motion. The motion was considered on its submissions without oral argument.

## II. BACKGROUND[2]

The following factual allegations, which are assumed true for purposes of the motion to dismiss, are taken from plaintiff's complaint.

Plaintiff was employed as a Waiver Service Provider by Northeast Parent and Child Society. In June 2012 she was placed on a "Corrective Action Plan" after inquiring about the reason she did not receive an agency-wide bonus. Plaintiff requested a meeting with Daniels, who worked in the Human Resources Department. Daniels provided suggestions which plaintiff adopted, but was later denied a bonus[3] by Capozzi and other individuals. Plaintiff then requested another meeting with Daniels but her request was denied. She "continued to experience unfair treatment through exposure to hostile working environment." Compl. at 7. Specifically, false allegations were made regarding her actions and work ethic and these allegations went unaddressed.

---

[2] The facts are not entirely clear. Plaintiff's complaint and EEOC charge contain varying facts; her EEOC charge does not name specific individuals while her complaint does. Defendants' memorandum of law was of no further help in sorting out the facts as it failed to contain a statement of facts.

[3] It is unclear if this was the same bonus that plaintiff was initially denied or a different bonus.

Washington then filed a charge of discrimination based on race with the United States Equal Employment Opportunity Commission ("EEOC") on or about May 28, 2013. She indicated that she began working for Northeast Parent and Child Society on February 28, 2011. She alleged the above facts regarding the "Corrective Action Plan" and also alleged that in July 2012, she was given an evaluation that was returned to her supervisor several times and the score was repeatedly changed to a lower score than the one given by her supervisor. She contends this evaluation was used to deny her an agency-wide bonus. In December 2013, plaintiff's immediate supervisor was told to change the evaluation to her original assessment. Finally, the program manager, whose name is not stated in the EEOC complaint, "abused her position without any repercussions." Dotzler Decl., Ex. A (EEOC Compl.). Further, "[h]er abuse towards [plaintiff] and disparaging behavior and comments towards other people of color in the agency has gone unaddressed for an extended period of time." Id. Following Washington's filing of her EEOC charge, Daniels requested three meetings with her regarding the reason she filed the charge. Washington contends she completed the last "interview" regarding her EEOC charge on July 9, 2013.[4] In August 2013, she was suspended from her position.

Washington further alleges that Daniels and another individual did not address her concerns regarding the program director who informed her that due to her dark skin color, a client refused to work with her. Plaintiff informed Daniels, Capozzi, and others of this comment and requested to transfer to other programs as a solution to her identified

---

[4] It is unclear if plaintiff is referencing one of the meetings she had with Daniels or an actual interview with the EEOC.

concerns. She was denied the request and was forced to continue to work with the client despite the client's repeated requests for a different worker.

## III. DISCUSSION

Defendants argue the complaint must be dismissed in its entirety because: (1) plaintiff failed to file her complaint within ninety days of receiving her Right-To-Sue notice from the EEOC as required under 42 U.S.C. § 2000e-5(f)(1); (2) plaintiff's Title VII claims fail to state a cause of action against Capozzi and Daniels because Title VII does not allow for individual liability; (3) plaintiff failed to exhaust her administrative remedies with respect to her Title VII hostile work environment claim; (4) plaintiff's Title VII hostile work environment claim fails to allege facts sufficient to state a claim; and (5) plaintiff's slander claim fails to allege facts sufficient to state a claim. In the alternative, defendants contend the exercise of supplemental jurisdiction should be declined over the state law slander claim once the two federal claims are dismissed. Plaintiff has not opposed defendant's motion.

### A. Rule 12(b)(6) Motion to Dismiss–Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), more than mere conclusions are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

- 4 -

When considering a motion to dismiss, the complaint is to be construed liberally, all factual allegations are to be deemed true, and all reasonable inferences must be drawn in the plaintiff's favor. Chambers, 282 F.3d at 152. These pleading requirements apply to pro se plaintiffs as well as plaintiffs represented by counsel. Wynder v. McMahon, 360 F.3d 73, 79 n.11 (2d Cir. 2004). However, particular deference should be given to a pro se litigant's complaint when applying the above standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

As noted, Washington has not filed any opposition to defendants' motion. Pursuant to Local Rule 7.1(b)(3), "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion, unless good cause is shown." Therefore, it must be determined whether defendants have demonstrated they are entitled to the relief requested.

### B.  Title VII Claims

A plaintiff must file an action within ninety days of the date she receives a Right-to-Sue letter. See 42 U.S.C. § 2000e–5(f)(1); see also Tiberio v. Allergy Asthma Immunology of Rochester, 664 F.3d 35, 37 (2d Cir. 2011) (noting that the ninety day period begins to run upon receipt of the letter). The ninety-day limitations period is strictly applied even where, as here, the plaintiff is proceeding pro se. See e.g., Grys v. ERIndustrial Sales, Inc., 553 F. App'x 61, 62 (2d Cir. Jan. 30, 2014) (summary order) (affirming dismissal of Title VII complaint filed by pro se plaintiff ninety-two days after receipt of Right-to-Sue notice). Plaintiff filed her charge with the EEOC on or about May 28, 2013. Plaintiff's Right-to-Sue letter, attached to the complaint, is dated September 26, 2013. Plaintiff's complaint alleges

that she received the letter that same day. See Compl. at 5.  It is undisputed that plaintiff did not commence the instant action until December 27, 2013, ninety-two days after she received the Right-to-Sue letter.  Consequently, absent circumstances warranting equitable tolling, plaintiff's Title VII claims must be dismissed as untimely.

Equitable tolling is appropriate if Washington can demonstrate that she "(1) has acted with reasonable diligence during the time period [she] seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli–Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80–81 (2d Cir. 2003) (internal quotations omitted).  The complaint does not indicate why plaintiff failed to sue in a timely fashion, and because she failed to file an opposition to the instant motion, it can only be speculated why she delayed.  Nothing in the record suggests that Washington attempted with due diligence to file her complaint before December 27, 2013, and even now, she has failed to oppose defendants' motion three months after her deadline to do so.[5]

Accordingly, defendants' motion will be granted and the first (Title VII hostile work environment) and third (Title VII retaliation) claims will be dismissed.  As such, there is no need to consider defendants' remaining arguments.

### C. Remaining State Law Claim

As all of the federal claims will be dismissed, the only claim that remains is the second cause of action, a state law slander claim.  Pursuant to 28 U.S.C. § 1367(c)(3), supplemental jurisdiction over the remaining state law claim is declined.

---

[5] Plaintiff's response to the motion was due by August 22, 2014 and the motion was returnable on September 19, 2014.

## IV. CONCLUSION

Plaintiff failed to file her complaint in federal court within ninety days of receiving her Right-to-Sue letter from the EEOC. Because there is no established reason to excuse her delay, her Title VII claims will be dismissed. After dismissal of her two federal claims, supplemental jurisdiction will be declined over the remaining state law slander claim.

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss the complaint in its entirety is GRANTED;

2. The FIRST and THIRD federal causes of action are DISMISSED with prejudice;

3. The SECOND state law cause of action is DISMISSED without prejudice; and

4. The Clerk is directed to serve a copy of this Memorandum-Decision and Order on the plaintiff, enter judgment, and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 25, 2014
        Utica, New York.